# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Wissam T. Hammoud, | ) | Civil Action No. 5:17-cv-2433-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bonita T. Mosley, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 39) recommending that Respondent's motion for summary judgment (Dkt. No. 25) be granted. For the reasons set forth below, the Court adopts the R & R as the order of the Court, except as modified below, and Respondent's motion for summary judgment is granted.

## I. Background

Petitioner Wissam T. Hammoud is currently incarcerated at a Federal Correctional Institution ("FCI") in Edgefield, South Carolina. Petitioner was charged with "fighting with another prisoner" in violation of Bureau of Prisons ("BOP") Code 201 while he was in custody at FMC (Federal Medical Center)-Fort Worth. (Dkt. No 1-1 at 18.) The incident report stated that on January 31, 2017, Petitioner alleged that he returned to his cell and asked his cellmate to leave so he could change his clothes in private. (Dkt. No. 1-1 at 4.) Petitioner alleged that his cellmate attacked him, and that Petitioner responded by attempting to grab his cellmate to gain control and, in the process, threw his cellmate onto the bunk. (*Id.*) The matter was eventually referred to a Discipline Hearing Officer ("DHO") on February 6, 2017. (Dkt. Nos. 25-3, 25-4.) Petitioner was advised of his rights and elected to call one inmate as a witness. (Dkt. No. 25-3.) The hearing was held on February 9, 2017, but because of staff oversight Petitioner's requested witness was not

present. (Dkt. No. 25-6 at 2.) While the DHO informed Petitioner that the hearing would be postponed until the witness arrived, Petitioner waived his right to the witness and asked to proceed with the hearing. (*Id.*). The DHO found that Petitioner committed the prohibited act as charged, relying on documentary evidence and Petitioner's admission to fighting. (*Id.*) Petitioner was sanctioned with 27 days disallowance of Good Conduct Time, 15 days of disciplinary segregation, loss of phone for 90 days, loss of email for 90 days, loss of commissary for 90 days, and loss of visits for 90 days. (*Id.*) The DHO Report was marked as delivered on March 21, 2017. (Dkt. No. 25-6 at 3.)[1]

On March 9, 2017, twelve days before service of the DHO's decision, Petitioner appealed the decision to the Southeast Regional Office. (Dkt. No. 1-1 at 12.) On April 12, 2017, the Regional Office upheld the disciplinary action and sanctions. (Dkt. No. 101 at 10 – 11.) After correcting his filing with the Central Office, Petitioner successfully appealed his decision. (Dkt. No. 1-1 at 5.) The Central Office denied the appeal on November 9, 2017. (Dkt. No. 25-9.)

On September 8, 2017, Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner presents two claims in his petition: first, due process violations since he allegedly did not receive a written statement of the DHO's decision, and; second, that the BOP has deliberate indifference to Petitioner's safety. (Dkt. No. 1 at 3 – 4.) Respondent filed a motion to dismiss or, in the alternative, for summary judgment on January 29, 2018. (Dkt. Nos. 25.) Petitioner filed a response in opposition. (Dkt. No. 34.)

The Magistrate Judge, reviewing the record, recommended that Respondent's motion for summary judgment be granted since Petitioner's due process rights were not violated and

---

[1] An amended DHO Report to correct typographical errors was issued on April 7, 2017 and marked as delivered on April 19, 2017. (Dkt. No. 25-7 at 3.)

deliberate indifference is not a cognizable claim under a § 2241 petition. (Dkt. 39.) Petitioner filed objections to the R & R on June 25, 2018. (Dkt. No 44.)

**II.     Legal Standard**

   **A.     Summary Judgment[2]**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

   **B.     Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself

---

[2] Pursuant to Fed. R. Civ. P. 12(d), because both parties presented matters outside of the pleadings, Respondent's motion is treated as one for summary judgment.

that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Petitioner filed objections to the Magistrate Judge's conclusion that he received a copy of the DHO report, therefore that portion of the R & R is reviewed *de novo*. The Court reviews the R & R regarding Petitioner's deliberate indifference claims for clear error.

**III. Discussion**

Respondent does not dispute that Petitioner exhausted his administrative remedies, and therefore the Court turns to the merits of the claims. (Dkt. No. 25 at 3.)

**A. Due Process Violation**

Petitioner alleges that he "never received" any copy of the DHO report, in violation of his due process rights. (Dkt. No. 1 at 3.) Petitioner renews this claim in his objections, attaching an affidavit stating that he "did not receive the DHO report…on March 21, 2017," "did not receive an amended copy of this same incident report on April 19, 2017," and first received a copy when the Respondent moved for summary judgment. (Dkt. No. 45-1 at 10.)

Petitioner is correct that he has a due process right to receive a copy of the DHO report. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974) (noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore). However, Petitioner here has not brought forth any evidence creating a dispute of material fact regarding whether he received the DHO report. Petitioner's affidavit contains only conclusory statements that he did not receive the DHO report. *See Matherly v. Andrews*, 859 F.3d 264, 280 (4th Cir.) ("Conclusory or speculative allegations do not suffice to oppose a properly supported motion for summary judgment, nor does a mere scintilla

of evidence."); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("summary judgment affidavits cannot be conclusory...or based upon hearsay....") (citations omitted). To rebut these claims, Respondent presented the DHO Report with a note at the bottom stating "DHO report delivered to Inmate by A. Rivas[,]" with the line signed and dated.[3] (Dkt. No. 25-6 at 3.) Petitioner's allegation that he never received the DHO reports is further belied by the fact that he failed to make that claim in any of his appeals to the Central Office. (Dkt. No. 1-1 at 6, 8 – 9.)[4] Therefore, this Court finds there is no dispute of material fact that Petitioner received the DHO report no later than March 21, 2017.

While Petitioner makes a categorical argument that he did not receive the DHO reports at all, to the extent he presents a due process claim based on when the report was delivered, his claim similarly fails. Here, the DHO hearing was held on February 9, 2017, and the Petitioner received the DHO report on March 21, 2017, which was 40 days after the hearing. (Dkt. No. 25-6.) BOP policies indicate that a DHO must present a written copy of a decision, and that the decision should "ordinarily [be delivered] within 15 work days of the decision." (Dkt. No. 25-10 at 2.)[5] Petitioner did not receive the DHO report within this 15 work day period. Nonetheless, it is well settled that a "Petitioner has no constitutional right to receive the DHO report within the 15-day period outlined in the BOP's regulations." *Reid v. Mansukhani*, No. 5:16-CV-3280-RMG, 2017 WL

---

[3] This Court does not adopt the Magistrate Judge's conclusion that the signature on the DHO reports is similar to Petitioner's signature on filings in this case. (Dkt. No. 39 at 11.)

[4] In addition to Petitioner not raising any dispute of material fact as to whether he received the DHO report, his failure to advance this allegation during his appeal to the Central Office indicates that this argument is procedurally defaulted. *See Stokes v. Warden, FCI Estill*, No. CIV.A. 8:14-4288-BHH, 2015 WL 5039331, at *6 (D.S.C. Aug. 25, 2015) ("Any arguments not advanced at each step of the administrative appeal are procedurally defaulted." *citing Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir.2002).

[5] The reference to "work days" seems to indicate that weekends and holidays should not be included, and thus contemplates a period longer than merely counting 15 days.

2378850, at *3 (D.S.C. June 1, 2017), *aff'd,* 697 F. App'x 154 (4th Cir. 2017)); *Huang Mahsukhani*, C.A. No. 4:16-1269-BHH, 2016 WL 6694530, at *3 (D.S.C. Nov. 16, 2016) (noting that 15-day period to receive DHO decision is not mandatory, and petitioner failed to show that receipt outside the *ordinary* 15-day period violated his due process rights) (emphasis in original). Therefore, the date of delivery of the DHO report does not constitute a due process violation.

Finally, though not discussed in the R & R, Petitioner raised some issues regarding the sufficiency of the evidence in the DHO report. (Dkt. No. 33 at 1.) Due process requires "some evidence" supporting the hearing officer's findings. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 445 – 46 (1985). Here, the DHO's decision was supported by documentary evidence, Petitioner's statement to prison officials investigating the charge and Petitioner's own statement at the hearing. (Dkt. Nos. 25-2; 25-6.) That constitutes "some evidence." Therefore, because the record indicates that Plaintiff received the benefit of the due process safeguards articulated in *Wolff,* Respondent is entitled to summary judgment on the issue.

### B. Deliberate Indifference

Petitioner's claim that BOP officials were indifferent to his safety is not a proper claim under a § 2241 petition. *See Winslow v. Samberg*, 805 F.2d 394 (4th Cir. 1986) ("To determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement."); *Glaus v. Anderson,* 408 F.3d 382 (7th Cir.2005) (claim for deliberate indifference to a prisoner's medical needs not cognizable in a habeas petition, where release from custody was not an available remedy). Instead, as Petitioner is in federal custody, he would have to bring a non-habeas civil action, such as under *Bivens*. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Therefore, Respondent's motion is entitled to summary judgment on Petitioner's claim for deliberate indifference.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 39) is **ADOPTED** as the order of the Court, except as noted in footnote three, and Respondent's motion for summary judgment (Dkt. No. 25) is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to state a due process claim and cannot bring a claim for indifference to safety under § 2241. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 3⌴, 2018
Charleston, South Carolina