IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Wissam T. Hammoud, | Civil Action No. 5:17-cv-2433-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Bonita T. Mosley, Warden, | |
| Respondent. | |

On July 30, 2018, this Court granted Respondent's motion for summary judgment. (Dkt. No. 48). On August 27, 2018, Petitioner filed a Motion to Alter or Amend this Court's grant of summary judgment under Federal Rule of Civil Procedure 59(e). (Dkt. No. 55.) For the reasons set forth below, the Court denies the Motion.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir.2002) (internal quotations omitted). Rule 59(e) motions may not be used to make arguments that could have been made before the court issued its ruling. *Id.* Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y.2001); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) ("Mere disagreement does not support a Rule 59(e) motion .").

Petitioner uses his Motion to Alter or Amend the judgment solely to reargue issues that were previously disposed of in this Court's Summary Judgment Order. (Dkt. No. 48.) Specifically, Petitioner argues extensively that there is an issue of fact regarding whether he

actually received the Discipline Hearing Officer ("DHO") Report. (Dkt. No. 55 at 1 – 2.) Petitioner focuses on the fact that there is allegedly no evidence "that Petitioner received or signed this DHO report." (*Id.*) However, as cited by this Court in its prior Order, on the DHO Report, the final page includes a signature stating: "DHO Report delivered to Inmate by:" followed by a signature from a corrections officer with the last name "Rivas." The Signature is dated March 21, 2018 at 3:40 pm. (Dkt. No. 25-6 at 3.) Therefore, Respondent provided evidence that the Report was delivered.

Petitioner cannot relitigate these issues through a Motion to Amend or Alter a Judgment, and Petitioner fails to identify any change in law, new evidence not previously available, error of law, or manifest injustice. Therefore, Petitioner's motion to reconsider (Dkt. No. 55) is **DENIED**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to demonstrate that this Court's ruling on his § 2241 habeas petition should be reconsidered. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 30, 2018
Charleston, South Carolina